UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| APRIL LYNN STINDT,<br><br>          Petitioner,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>          Respondent. | Case No. 1:11-CV-375-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Currently pending before the Court for its consideration is the Petition for Review (Dkt. 1) of the Respondent's denial of social security benefits, filed by April Lynn Stindt ("Petitioner") on April 23, 2010. The Court has reviewed the Petition and the Answer, the parties' memoranda, and the administrative record ("AR"), and for the reasons that follow, will affirm the decision of the Commissioner.

### PROCEDURAL AND FACTUAL HISTORY

Petitioner filed an application for Disability Insurance Benefits and Supplemental Security Income on July 8, 2008, alleging minimal disc bulge at L5-S1, obesity, and infrequent migraine headaches. This application was denied initially and on reconsideration, and a hearing

**MEMORANDUM DECISION AND ORDER - 1**

was held on September 22, 2009, before Administrative Law Judge ("ALJ") Paul T. Hebda. After hearing testimony from Petitioner, ALJ Hebda issued a decision finding Petitioner not disabled on April 23, 2010. Petitioner timely requested review by the Appeals Council, which denied her request for review on June 16, 2011.

Petitioner appealed this final decision to the Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was 30 years of age. Petitioner completed the 10th grade. Petitioner's prior work experience includes work as a cocktail server, deli worker, motel housekeeper, and shipping clerk for a magazine store.

## SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must be determined whether the claimant is engaged in substantially gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity since her alleged onset date. (AR 13.) At step two, it must be determined whether the claimant suffers from a severe impairment. The ALJ found Petitioner's minimal disc bulge at L5-S1, obesity, and infrequent migraine headaches severe within the meaning of the Regulations. (AR 13.)

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner's impairments did not meet or equal the criteria for the listed impairments. Specifically, the ALJ found that (1) the claimant's spinal impairment does not meet or medically equal a listed impairment, (2) there is no specific listing for claimant's migraine headaches, and (3) obesity has been deleted from the impairments listings, although it was still considered by the ALJ to the extent it caused or contributed to Petitioner's bodily system

**MEMORANDUM DECISION AND ORDER - 2**

impairments. (AR 15.) Because the claimant's impairments do not meet or equal a listing, the Commissioner must assess the claimant's residual functional capacity ("RFC") and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.

The ALJ found Petitioner was not able to perform her past relevant work in food preparation. (AR 21.) If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience. The ALJ found that, when applying the rule set forth in the Medical Vocational Guidelines, claimant is able to perform unskilled light work and is therefore "not disabled." (AR 22.)

## STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if her physical or mental impairments are of such severity that she not only cannot do her previous work but is unable, considering her age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. §

**MEMORANDUM DECISION AND ORDER - 3**

405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports the petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

When reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

**MEMORANDUM DECISION AND ORDER - 4**

## DISCUSSION

The ALJ in a social security case has an independent duty to hear and evaluate all relevant evidence and "fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983); *See* 20 C.F.R. § 405.370. This duty extends to the represented as well as to the unrepresented claimant. *Heckler*, 713 F.2d at 443.

Petitioner contends that the ALJ erred in his duty to evaluate all relevant evidence because he "did not consider [Petitioner's] learning disabilities, nor develop them" when formulating Petitioner's residual functional capacity ("RFC"). (Petitioner's Brief, Dkt 15. p. 3.) Petitioner contends also that the "evidence [in the administrative record] was inadequate for proper evaluation" and that the ALJ should have obtained a consultative mental examination to more fully develop it. (Petitioner's Brief, Dkt 15. p. 3.) Petitioner claims this constituted a reversible error requiring remand. Respondent argues that, "because nothing in the record indicated even the possibility of a learning disorder," the ALJ properly exercised his discretion in not obtaining a consultant examination. (Respondent's Brief p. 5.) The Court finds that the ALJ did not err in his duty to evaluate all relevant evidence, because the evidence was sufficient to support a decision without a consultative examination.

At step two, the ALJ found that there was "no evidence in the record to establish a learning disorder," and therefore it was not a medically determinable impairment. (AR 14.) At step four, the ALJ determined that Petitioner had the RFC to perform light work, except she could only frequently (as opposed to always) climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds; and could frequently balance and occasionally stoop, kneel, crouch, and crawl. In making his determination, the ALJ did not discredit Petitioner's testimony

**MEMORANDUM DECISION AND ORDER - 5**

concerning her learning disability, and discussed Petitioner's claim that she is dyslexic. (AR 16.) In evaluating Petitioner's testimony concerning the intensity, persistence, and limiting effects of her symptoms, the ALJ discussed only Petitioner's claims regarding her physical impairments in his finding that Petitioner's statements were not credible. The ALJ made no finding regarding Petitioner's credibility with respect to her claim she is dyslexic, and therefore the ALJ did incorporate Petitioner's testimony in his RFC finding.

1.   **Consultative Exam and Vocational Guidelines**

The ALJ's obligation to fully develop the record in a social security disability benefits case requires that he or she seek additional evidence or clarification when the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). An ALJ should order a consultative exam when the result of the consultative exam reasonably could be expected to be of material assistance in resolving the issue of disability. *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997)**.** The Code of Federal Regulations contains detailed guidelines on the use of consultative examinations, which are physical or mental examinations requested and purchased by state agencies after determining that additional medical evidence is necessary. 20 C.F.R. §§ 404.1519a, 404.1519b. The Code of Federal Regulations requires that "[a] consultative examination may be purchased when the evidence as a whole, both medical and nonmedical, *is not sufficient to support a decision on your claim*" 20 C.F.R § 404.1519a (emphasis added). Otherwise, the ALJ has the discretion to reject a claimant's request for a consultative exam. 20 C.F.R. §§ 404.1519a(a)(1), 404.1519m.

During the hearing, Petitioner testified about her learning disability. From kindergarten until tenth grade, Petitioner asserts that she was in special education classes, but that it was not until she was fourteen that the school discovered she was dyslexic. (AR 41.) According to

**MEMORANDUM DECISION AND ORDER - 6**

Petitioner, she did not receive any treatment or special training for her disability. (*Id.*) When questioned further, Petitioner explained her limitations with reading and writing:

> Q: If you are given, let's say, a newspaper, are you able to read and understand an article in the newspaper?
> A: Depending -- it depends on what kind of article it would be. If it's something like politics or anything like that, no. But in general, like if it was, per se, something about something that happened to somebody, I could understand that. But it would take me a while to I'd have to read over it a couple of times in order to grasp it.
> Q: Okay. And the forms that you filled out for your Social Security application, did you do that, or did somebody help you?
> A: I believe my mother helped me with this.

(AR 42.) Although Petitioner claims her dyslexia affects her reading comprehension and writing abilities, Petitioner is still able to make mathematical calculations, such as "calculate[ing] the amount of change she is to get back when she makes a purchase." (AR 16.)

The ALJ did not fail in his duty to fully develop the record, because he had sufficient information to support his disability determination without ordering a consultative examination regarding Petitioner's alleged learning disability. Although the record contains at least two allegations of a learning disability as well as Petitioner's sworn testimony at the hearing, these allegations, even if substantiated, have no bearing on the ALJ's final disability determination. (AR 59, 84, 89-91.) Because the validity of Petitioner's allegations are immaterial to the ALJ's final decision and no other elements of the ALJ's decision are disputed, the Court finds that the ALJ's decision is supported by substantial evidence and that the ALJ correctly exercised his discretion in not ordering a consultative examination.

In making the initial disability determination, the ALJ used the Medical Vocational Guidelines (commonly referred to as the "grids") found in Appendix 2 to Subpart P of 20 C.F.R. 404. (AR 22.) After reaching his RFC determination that Petitioner is capable of performing all

**MEMORANDUM DECISION AND ORDER - 7**

or substantially all of the exertional demands of unskilled light work[1], the ALJ correctly identified that Petitioner falls under rule 202.17 of Table No. 2 (claimant who (1) is between the ages of eighteen and forty-nine, (2) has limited education or less, and (3) is unskilled or has no transferable work skills). 20 C.F.R. § 404 subpt. P app. 2 (2012).

Petitioner, who was thirty at the time of her hearing, contests only the mental element of the ALJ's RFC determination and consequently its impact on the ALJ's grid analysis. However, "under no circumstances will a claimant who is a younger individual (age 18 to 49) be found disabled if the claimant has the residual functional capacity to perform light work." 3 Soc. Sec. LP § 43:182 (West 2007) (1984). Whether the ALJ correctly determined Petitioner's educational designation is immaterial. Appendix 2 makes clear from both its language and tables that an individual between the ages of eighteen and forty-nine capable of performing light work will not be considered disabled regardless of his or her education and skills background:

> (g) While illiteracy or the inability to communicate in English may significantly limit an individual's vocational scope, the primary work functions in the bulk of unskilled work relate to working with things (rather than with data or people) and in these work functions at the unskilled level, *literacy or ability to communicate in English has the least significance*. Similarly, the lack of relevant work experience would have little significance since the bulk of unskilled jobs require no qualifying work experience. The *capability for light work*, which includes the ability to do sedentary work, *represents the capability for substantial numbers of such jobs*. This, in turn, represents substantial vocational scope for younger individuals (age 18-49) *even if illiterate or unable to communicate in English*.

20 CFR PT. 404, Subpt. P, App. 2, 202.00(g) (emphasis added). Because Petitioner's alleged

---

[1] Petitioner does not contest the ALJ's RFC determination, which found she has the residual functional capacity to perform light work except: she can frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds. (AR 16.) She can frequently balance and occasionally stoop, kneel, crouch, and crawl. (*Id.*)

**MEMORANDUM DECISION AND ORDER - 8**

learning disability is related to her literacy level, it made no difference when determining Petitioner's RFC and resulting capacity to perform light work. Therefore, the ALJ's decision is supported by substantial evidence.

2.     **Conclusion**

The limited scope of Petitioner's appeal focuses only on the lack of evidence regarding Petitioner's allegations of a learning disability and its impact on the ALJ's RFC and final disability determination. Because Petitioner's allegations of a learning disability are immaterial to the vocational guideline analysis, in this case a consultative examination would not change the outcome of Petitioner's disability determination. Therefore, the ALJ's conclusion is supported by substantial evidence and will be affirmed.

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED** and that the petition for review is **DISMISSED**.

Dated: **August 09, 2012**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 9**